42  501
109  247

JOHN F. BROWN, IMPLEADED WITH SAMUEL B. DOUGLASS v. THE JUDGE OF PROBATE FOR KENT COUNTY.

*Guardian's bond—Signing on condition not apparent on the bond.*

A surety cannot escape liability on a guardian's bond as having signed only on condition that a specified co-surety should be procured before it was used, if he had delivered it to the principal to be completed with nothing on its face to suggest to the approving officer that such a condition was imposed. The fact that the obligation clause in a printed form was so filled out as to read "suret*ies*" is not enough. The name of the person designated for co-surety should be inserted in the bond.

Error to Kent. Submitted Jan. 9. Decided Jan. 20.

ASSUMPSIT on bond. Defendant Brown brings error.

*Champlin & More* for plaintiff in error. It is necessary to the valid execution of a bond that it be delivered with intent that it shall be the bond of the obligor, *Pawling v. U. S.*, 4 Cr., 219; *Duncan v. U. S.*, 7 Pet., 435; *People v. Bostwick*, 32 N. Y., 445; *Awde v. Dixon*, 5 E. L. & Eq., 512; *Moore v. Sandusky*, 46 Mo., 377;

*Linn Co. v. Farris,* 52 Mo., 75; if a bond is delivered conditionally it will not be binding until the condition is performed, *Warfel v. Frantz,* 76 Penn. St., 88; and if so delivered to the principal named in the bond or to some other party thereto, the obligee must be notified of the condition or the surety will be held liable, Brandt on Suretyship, § 349 et seq.; *Harrington v. Wright,* 48 Vt., 427; *Passumpsic Bank v. Beattie,* 32 Vt., 315; *Knight v. Hurlbut,* 74 Ill., 133.

*Hughes, O'Brien & Smiley* for defendant in error.   If a bond is perfect on its face when presented to the obligee the surety is bound, *Smith v. Crooker,* 5 Mass., 537; *Webb v. Baird,* 27 Ind., 368; *South Berwick v. Huntress,* 53 Me., 89; *Deardorff v. Foresman,* 24 Ind., 481; *Bothrick v. Potter,* 63 Mo., 212; *Simpson v. Bovard,* 74 Penn. St., 351; *Exp. Fulton,* 7 Cow., 484; *Miller v. Finley,* 26 Mich., 249; *Bartlett v. Board of Education,* 59 Ill., 364; *Hunt v. Bennett,* 6 Mass., 519; *Reed v. Kemp,* 16 Ill., 444; *Nichols v. Johnson,* 10 Conn., 192; *Brown v. Pinkham,* 18 Pick., 172; *U. S. v. Hatch,* 1 Paine C. C., 342; *Russell v. Freer,* 56 N. Y., 67.

CAMPBELL, J.   Suit was brought and recovery had below upon a guardian's bond made by Samuel B. Douglass as principal and John F. Brown as surety, to Benjamin F. Harlan, judge of probate of Kent county, to secure the performance of Douglass' duties as guardian of four minor heirs of Allen B. McGuervan, deceased. The bond was in the sum of $10,000, was dated February 1, 1872, and was joint and several.   The guardian settled with such of his wards as came of age, but after resigning his trust as to the others it was claimed he did not pay and deliver the assets remaining in his hands to his successor, and the jury rendered a verdict against Douglass and Brown on the bond for the alleged deficiency of $4387.28.   Brown, the surety, brings error, and rests his objections on the rejection by the court

below of evidence tending to show that the bond was not his act and deed.

The facts on which this defense is based were these: The bond was drawn up on a printed form, and filled in with all but the names of the obligors. It purported as drawn to bind the guardian as principal, and the word "sureties" was partly written and partly printed, with a blank for their names not filled in. Brown signed the bond while no name was inserted as surety, and he offered to show that when he had signed it he gave it to Douglass, the principal, with an agreement that Douglass should procure the signature of Lewis H. Withey as another surety, and that the bond should not be used without Withey's signature; that Douglass did not obtain Withey's signature, but took the bond to the judge of probate who wrote in Brown's name and changed the word "sureties" to "surety," and subsequently made an order of approval.

The circuit court of Kent county, where the cause was tried, ruled out this defense as legally insufficient.

The case before us is claimed to differ from any other case which we have yet passed upon. Three cases have been decided by this court bearing upon the general doctrine. In *Johnston & Vincent v. Township of Kimball*, 39 Mich., 187, a township treasurer's bond in which the treasurer was named as principal, but which he never signed, was held invalid as against the sureties in the absence of any agreement that they would be bound without him. In *Hall v. Parker*, 37 Mich., 590, the same ruling had been made on an appeal bond. In *McCormick v. Bay City*, 23 Mich., 457, it was held no defense that the names of additional sureties were not procured, when it was agreed by the principal that he would not use the bond without obtaining them,—the bond in that case when signed by McCormick not having the penalty or the names of the obligors filled in, and the officer receiving the bond having no notice of such an agree-

ment. In *Dair v. United States*,16 Wall., 1, a very sim-ilar case was decided in the same way.

In the present case, while no names were inserted in the bond when presented to the judge of probate, it contained the word "sureties" which plaintiff in error insists fairly informed him that any surety signing must have expected to have one or more co-sureties. It is claimed that inasmuch as this matter was brought dis-tinctly to the notice of the judge of probate, who made the corrections himself, he was bound to assume that Brown might not be willing to become the sole surety of the guardian, and have no contribution from any one else in case he had to respond for the guardian's default. The question is one of some importance, and the facts differ from those in any of the cases referred to.

It becomes necessary to consider the statutory regu-lations relating to such bonds, as well as the *position* of the various parties concerned.

By section 4518 of the Compiled Laws it is provided that all bonds required by law to be taken in or by order of the probate · court shall be for such sum, and with such sureties as the judge of probate shall direct, except when the law otherwise prescribes. By section 4817 it is provided that a guardian shall give bond, with surety or sureties, to the judge of probate, in such sum as the judge shall order.

The bond in suit was approved after its date, and there is nothing in the record to indicate that the judge had given any previous directions concerning names or number of sureties.

When Brown signed this bond he made Douglass his agent to have it completed and delivered. No secret instructions could affect his power to do this in anything which was not so apparent on the face of the bond as to make the change suspicious. If the word "sureties" had not been written out in full, the case would be liter-ally within the rule of *McCormick v. Bay City*.

If Brown required a particular co-surety the most

natural way of securing this was to have the name inserted. If Douglass had inserted the name of an entirely irresponsible person, Brown would not have been helped by it, and the judge of probate, if willing to accept Brown alone, would not probably have inquired further. If the form presented to the judge suggested anything, it did not of itself suggest that Brown had any preferences, and it was a natural inference that if he was willing to trust Douglass far enough to allow him to put in any name he chose as a co-surety, he gave him credit enough to have his word accepted as true concerning the whole transaction. He was bound to know that one surety could be legally received, and that in giving the guardian a bond in blank, he was giving him power to deal with it so as to make it no better for himself than if he had no co-surety. It does not seem to us that under such circumstances the judge of probate was bound to be any more suspicious than he was in this case.

It must be remembered that such officers are expected to have persons doing business in their office come to the office. The judge of probate is not called upon to go out of his office and hunt up parties for purposes of inquiry, or for any other purpose. They are not acting for themselves but for the estates and interests over which they are made custodians. They have a right to suppose that such persons as in any way become parties or intervenors in proceedings will do whatever is necessary to provide for their own security, so far as it depends on their own action.

Brown could have prevented all the difficulty by requiring the bond to be filled before he signed it, and the failure to require this was gross carelessness which he ought not to make any one responsible for but the agent whom he selected and allowed to complete the document. Common prudence should have led him to see in what condition the bond was filed. Had he attended to this before any complications arose, there would have been

no difficulty in having a new bond given. The fact that the parties interested had no one to protect their rights but this very guardian, furnishes additional reason for requiring the surety to look to the papers, because no one else was interested in doing so.

We think the case does not differ in principle from *McCormick v. Bay City*, and that there was nothing on the face of the bond which made it improper for the judge of probate to correct the apparent grammatical error, and receive the instrument as sufficient.

The judgment must be affirmed with costs.

The other Justices concurred.