ANNA M. WOHLSCHEID v. THEODORE BERGRATH, JOHN KOS-TER, MICHAEL SPITZLEY, INNOCENCE TRIERWEILER ET AL.

*Guardian's sale without ward's authority—claim invalid as to minor heirs— Statutes—time of taking effect—Costs on reducing decrees.*

It is fraud in law, whatever the intent, for a guardian to petition in a ward's name, without the latter's authority, for leave to sell lands for the payment of claims against the estate of the ward's ancestor; and to include an invalid claim; and to represent the sale, when made, as a cash sale, when no cash is paid.

Comp. L. § 4837, providing for the termination of guardianship by the marriage of a female ward, was amended by Act 2 of 1877, which provided that the marriage should not affect guardianship so far as property was concerned. *Held*, that as a law does not take effect until ninety days after the close of the legislative session unless otherwise provided, the amendment did not apply to a case where the ward was married just before the Act passed.

A personal claim that has not been allowed against an estate is not valid as against infant heirs.

Costs may be allowed complainant on appeal, even though the decree is modified in favor of the appellant, if the latter's defence shows no willingness to do justice.

Appeal from Clinton. Submitted Apr. 8. Decided Apr. 13.

BILL to set aside guardian's deed.    Defendants appeal. Affirmed.

Cook & Merrill and S. B. Daboll for complainant.

J. H. Fedewa for defendants.

CAMPBELL, J.    Complainant, who is the wife of Nicholas Wohlscheid and an heir at law of John Trierweiler, deceased, filed her bill in this case to avoid a guardian's sale made by Bergrath to Koster, and a mortgage made by Koster to Spitzley on forty acres of land in which she was interested as such heir.

The father died in 1868 leaving a widow, Elizabeth, and four minor children, being the complainant and the defendants Michael, Innocence, and Catherine, who are still infants. No administration was taken out on his estate, which consisted of some personal property and one hundred and sixty acres of land.    In 1869 the widow married defendant, John Koster, and Bergrath, who is her father, was appointed guardian of the children, and as such leased the land to Koster for nine years, on the terms of paying $95.50 annually as interest on a mortgage to Bergrath, and all taxes on the land, and supporting, clothing and schooling the children.

Bergrath claims that he owned a mortgage for $1000 on a part of this land, and a personal claim for $275 also for part of the purchase money of the same premises.    This mortgage has not been produced, as it was cancelled and destroyed as hereinafter stated.    There is, however, no proof of its date or precise terms, and no evidence as to its rate of interest, which it may be inferred was seven per cent., but this is merely inference.    It does not appear whether this

mortgage was recorded. Bergrath assigned this mortgage to Spitzley some years before the transactions complained of, and Koster had paid on it between five hundred and six hundred dollars of principal. Whether this was paid to reduce it or as purchase money to buy it is disputed.

On the 16th day of February, 1878, Bergrath, who about that time sold his personal demand of $275 to Koster, at a discount, filed a petition in the circuit court for Clinton county in chancery, as guardian of all the minors, (including complainant, who had then been married some time), setting out the existence of the $1000 mortgage in Spitzley's hands, and his own claim of $275, and that there was no personal property of which their father died seized, and that petitioners had no property except the land. It further set out that unless land enough was sold to pay Spitzley, he might foreclose and cut off their interest. It prayed for a sale to pay off both of those claims.

The proceeding was had without notice actual or otherwise to complainant or her husband, and a sale was ordered of forty acres, a part of which was included in the mortgage, and a part was not. How this particular parcel came to be selected does not appear, but it seems to have been determined on in some way among the parties concerned.

Bergrath reported a cash sale to Koster for $1275 and the expenses of the proceeding, and this sale was confirmed.

It is to be observed that the order of the court was not based on § 5185 of the Compiled Laws, which authorizes the sale of lands to purchase or discharge incumbrances, but was made under the general statute which allows sales or other dispositions for certain specified reasons and "other peculiar reasons or circumstances." The order gave no directions concerning the use of money when raised, and the sale confirmed was a cash sale.

Upon this confirmation no cash was paid to anybody, but Koster gave a new ten per cent. mortgage to Spitzley for $450, and Spitzley handed over the old mortgage, which was burned. No release was given or recorded. Koster was treated as owner of all the remaining interest.

This bill was filed at once on discovering what had been done, and within a little over a month from the order of confirmation, and less than a month after Koster got his deed recorded.

The court below set aside the sale and the new mortgage, and declared the title clear and discharged of all incumbrances. Bergrath, Koster and Spitzley appeal.

There is no pretence of any right in Koster as a *bona fide* purchaser, and neither he nor Spitzley claims in the answer any right as *bona fide* purchaser or incumbrancer, beyond such rights as depend on the legality of the proceedings.

We are not entirely satisfied that Bergrath, at the time of these proceedings, was acting with a wilful design of wronging the children; but that the proceedings were such as operated fraudulently, and against their rights is clear beyond doubt.

When the petition was filed Bergrath had ceased to be guardian of complainant. She was married in February, 1877, while the amendment of January 24, 1877, (Laws 1877, pp. 1, 2,) which provided that the marriage of a ward should not affect the guardianship as to property, was not given immediate effect, and therefore did not become of force until ninety days after May 22, 1877, when the legislature adjourned.

Bergrath's claim of $275 which he sold to Koster had never been allowed and was not valid against the estate of the infants. So far as the mortgage for $1000 is concerned, as already stated, we have no means of knowing its terms, nor the circumstances of Koster's payments to Spitzley. If it was a seven per cent. mortgage, the payment of $95.50 a year should have reduced it very considerably, apart from any other payments. It appears affirmatively that Koster, who was bound as a part of the rent of the land alone to pay this sum and to support the children, had personal property belonging to Trierweiler's estate which must have been of considerable value. We are very much inclined to think that the money he paid Spitzley was money for which he was accountable to the estate. It appears distinctly that

46 Mich.—4

Spitzley had no idea of foreclosing, and all the circumstances are very suspicious as indicating something like absolute and intentional fraud.   But as it was a legal fraud to use complainant's name without authority, and to include a claim that was entirely invalid, and to make what was represented as a cash sale, when no cash was paid directly or indirectly beyond the new Spitzley mortgage which was a substitute to its extent, we need not look too closely into the motives of the parties.

We have some doubt whether under the general prayer of the bill it could be sustained as a bill to do more than set aside the guardian's sale and the subsequent proceedings based on it.   It was not disputed that there was once a mortgage on which something might possibly be due.   That part of the decree which, after setting aside all of the irregular transactions, including the new Spitzley mortgage, declared the title to be free from all liens, was, we think, not within the issues framed by the pleadings, and may perhaps be wrong in fact—although upon this we are not assured.   Being outside of the case made by the bill, and the proofs not being as full as they should be on either side, we think the insertion of this clause in the decree must have been an oversight, unless it was meant to refer only to the guardian's title.   The language is capable of a wider application.

Upon the merits we think the decree was right, and it should be affirmed except as to the clause declaring the land free from all liens, and as to that it should be modified.   As the chief controversy has been on the other questions, and as no defence was made which indicates a willingness on the part of any of the defendants to do justice, we think that this modification should not deprive complainant of her costs in this court.

We decide nothing as to the claims of Spitzley or Koster under the $1000 mortgage, and give no opinion how much, if any, of it can be treated as valid or in force at law or in equity.

The decree must be affirmed except as above modified, with costs of this court against Bergrath, Koster and

Spitzley, and the record remanded to the court below for any necessary further proceedings under the decree as modified

The other Justices cocuurred.