TOWNSHIP OF CRYSTAL LAKE *v.* HILL.

1. OFFICIAL BOND—LIABILITY OF SURETY—NOTICE—ESTOPPEL.

   One who signs his name as surety to an official bond, and leaves it with another to procure thereto the signature of an additional surety, is estopped from denying his liability thereunder, where the bond has been properly accepted and filed, even though such additional signature was not obtained as promised, unless the structure of the bond notifies the official whose duty it is to act upon it that it is incomplete; and the mere fact that there was after the last signature a line where another surety could have signed, with the word "surety" written at the end, does not constitute such notice.

2. SAME—PRINCIPAL AND AGENT—EVIDENCE AS TO AUTHORITY.

   The question whether a notary, with whom a township treasurer's bond was left by a surety to procure the signature of another surety thereon, was the agent of the surety or the township, should not be submitted to the jury upon evidence merely that the treasurer told the township supervisor that it was left with the notary for acknowledgment by the sureties, and that the supervisor told the notary to procure the acknowledgments, and deliver the bond to his son to be forwarded to him.

Error to Benzie; Aldrich, J.  Submitted April 9, 1896. Decided May 12, 1896.

*Assumpsit* by the township of Crystal Lake against Thomas J. Hill and others upon an official bond.  From a judgment · for defendants, plaintiff brings error.  Reversed.

*D. G. F. Warner* and *Smurthwaite & Fowler*, for appellant.

*Wilson & Bailey* and *Pratt & Davis*, for appellees.

MONTGOMERY, J.  This is an action on a township treasurer's bond, given by defendant Hill, as principal,

and claimed to have been signed by the other defendants as sureties. The defendants admit having signed some bond at about the date of the alleged execution of the one in suit, but testify that the bond which they signed was on a printed form, while the one produced is wholly in writing. This question is one of fact for the jury, and need not be discussed further, as the question was properly submitted to the jury. It is quite evident, however, that the case turned upon another question.

The bond sued upon appeared in proper filing, and was regular in form, and in its body contained no names of sureties other than those who signed the bond. There was after the last signature a line where another surety could have signed, and the word "surety" written at the end. Other than this, there was nothing to apprise the township authorities that the bond was in any way incomplete, or that it had not been executed by all who engaged to sign it. The defendants gave testimony tending to show that the previous year Chandler Bros., bankers at Frankfort, had been sureties on the treasurer's bond, and that, on the occasion of the defendants' signing the bond, which they signed for the year in question, which plaintiff claims is the bond in suit, Rome Z. Chandler, a member of the firm of Chandler Bros., assured them that it would not be delivered until it was signed by his brother, Eugene Chandler, and it was left with Rome Z. Chandler with this understanding. The case thus far is ruled by previous decisions of this court. *McCormick* v. *Bay City,* 23 Mich. 457; *Brown* v. *Probate Judge,* 42 Mich. 501. It is firmly established by these cases that where a surety intrusts an official bond to another to deliver, upon a promise that others shall sign as sureties, he is afterwards estopped to deny his liability, even though the additional surety is not obtained, if the bond in its structure does not apprise the official whose duty it is to act upon it that it is incomplete; and in *Brown* v. *Probate Judge* it was held that, though there was a blank space for another

surety in the body of the bond, and "sureties" was written therein in the plural, this was not sufficient notice of the incompleteness of the bond. This case is certainly not stronger for the sureties on this point, and must be held to be ruled by that, unless the defendants are right in the contention which they make that Rome Z. Chandler was the agent of the township or of the supervisor.

The circuit judge submitted to the jury whether such an agency existed. An examination of the testimony convinces us that there was error in this. It is not contemplated that the supervisor shall perform the service of procuring bondsmen for the treasurer, much less that he shall assume that duty, and then delegate it to another; nor do we think the testimony in this case, in any fair view which can be taken of it, shows any such purpose. It appears that Hill had been accustomed to do his banking with Chandler Bros.; that the bond in question is in the handwriting of Hill; that he (Hill) left it with Rome Z. Chandler, who is a notary public, with the request that he obtain the acknowledgment of the sureties. Whether it was signed by the sureties at this time is in dispute, but it does appear that the supervisor called upon the treasurer, and asked him to file his bond. The treasurer stated that he had signed it, and left it with Mr. Chandler for the purpose stated; and thereupon the supervisor called upon Mr. Chandler, and told him to get the acknowledgment of the bond, and as he, the supervisor, was going away, to hand it to his son, and he would mail it to him. This does not show a purpose on the part of the supervisor to have Mr. Chandler act either on the part of himself or the township. It was nothing more than action to hasten his action on behalf of Hill, and it did not change his (Chandler's) relations to Hill.

With the elimination of this theory, the issue presented for trial is so narrowed down that we think it will be unnecessary to discuss the other questions raised, as it will

be easy to confine the testimony to the points open for litigation.

Judgment will be reversed, and a new trial ordered.

GRANT, HOOKER, and MOORE, JJ., concurred. LONG, C. J., did not sit.