CAMPBELL *v.* BROWER.

1. PRINCIPAL AND SURETY—SURETY BOND—NOT NECESSARY TO BE SIGNED BY PRINCIPAL.

   It is not necessary to validity of surety bond that it be signed by principal.

2. SAME—OTHER OBLIGATIONS NOT REFERRED TO IN BOND—PRELIMINARY AGREEMENT IMMATERIAL.

   Where, in action on bond given by owner of subdivision to purchaser of lots therein guaranteeing performance of contract to construct sidewalks within certain time, it appears that bond is complete in itself, containing no reference to any other obligation in writing of principal named therein, question of whether principal paid mortgage tax on some other obligation is immaterial; nor is it material what preliminary arrangements were between parties to contract, or whether agreement to purchase was verbal or in writing, where agreement was performed with exception of laying sidewalks, and it was to secure performance of that part of contract as shown by bond that bond was given.

3. SAME—NOTICE OF PROBABLE CHANGE—PERFORMANCE AS NOW IS.

   Where, at time bond was given guaranteeing construction of sidewalks in subdivision, said subdivision was in village, where requirement was for four-foot sidewalks, but annexation to city of Detroit had been voted upon and carried and at time action was brought subdivision had been annexed to city of Detroit, where requirement is for six-foot sidewalks, defendants are chargeable with knowledge that property in question would soon be in city of Detroit, and to have contracted with reference to such change, and therefore they are liable for cost of sidewalks at time and place they were to be laid.

Appeal from Wayne; Hart (Ray), J., presiding. Submitted April 14, 1933. (Docket No. 60, Calendar No. 37,126.) Decided May 16, 1933.

Assumpsit by Thomas Campbell and another against Harry W. Brower and others on a bond and the common counts for sidewalk assessments. Judgment for plaintiffs. Defendant Massachusetts Bonding & Insurance Company and plaintiffs appeal. Remanded for entry of larger judgment.

*John P. Murphy* and *Armand A. Lefebvre,* for plaintiffs.

*Monaghan, Crowley, Reilley & Kellogg,* for defendant Massachusetts Bonding & Insurance Company.

POTTER, J. Plaintiffs sued defendants counting upon a bond and also upon the common counts in assumpsit, filing a bill of particulars in which they claimed defendants owed them $1,187.54. The bond sued upon was as follows:

"Know all men by these presents, that we, Harry W. Brower, of Detroit, Michigan, as principal, and the Massachusetts Bonding & Insurance Company, of Boston, Massachusetts, a Massachusetts corporation, as surety, are held and firmly bound unto Thomas Campbell, Detroit, Michigan, in the penal sum of $2,000, lawful money of the United States of America to be paid to the said Thomas Campbell, for which payment well and truly to be made, we bind ourselves and our successor or successors and assigns, and each and every one of them firmly by these presents.

"Sealed with our seals and dated this 5th day of April, A. D. 1922.

"The condition of the above obligation is such that whereas the above bounden Harry W. Brower, guarantees to lay sidewalks and plant shade trees in the piece of land in Oakwood, Ecorse township described as follows:

" 'Victory Park Subdivision and Victory Park Subdivision No. 1, P. C. 61, Oakwood, township Ecorse, Wayne county, Michigan,'

within two years from the date hereof.

"Now therefore, if the said Harry W. Brower, shall in all respects well and truly carry out the requirements as to the laying of sidewalks· and planting shade trees upon the said subdivisions within two years, then this obligation is to be null and void, otherwise to remain in full _force and effect.

. . . . . . . . . . . . . . . . . . . . . . . . . .
. . . . . . . . . . . . . . . . . . . . . . . . . .

. . . . . . . . . . . . . . . . . . . . . . . . . .
            "Witness
        "Massachusetts Bonding & Insurance Co.
                "Claude Crittenden,
                "Attorney-in-Fact."

The bonding company denied liability upon the bond, claiming it had not been signed by the principal; and the bond was given in fact to secure the performance of a contract which had been changed after its execution so as to relieve the principal. From a judgment for plaintiffs for $714.71, defendant bonding company appeals, and plaintiffs take a cross-appeal.

Appellant contends the bond sued upon was not signed by the principal; the liability of the principal was represented by an instrument in writing on which no mortgage tax had been paid; the performance for which appellant became surety became illegal before the period of performance expired, and there can be no recovery upon the bond for breach of the undertaking to lay sidewalks when the only proof of damages is the payment by the obligee of sidewalk taxes. Plaintiffs, by cross-appeal, insist appellant should be held liable for $1,102.06 with in-

terest from April 5, 1924. There is no reference in the bond to any other obligation in writing of the principal named therein, and hence the question of whether the principal paid the mortgage tax on some other obligation is immaterial. The bond is complete in its terms. It is not necessary the principal sign the bond. *Brown* v. *Kent Probate Judge,* 42 Mich. 501, 503; 9 C. J. p. 13; 50 C. J. pp. 30, 32; 21 R. C. L. p. 1163; *Ladies of the Modern Maccabees* v. *Illinois Surety Co.,* 196 Mich. 27, 31.

Plaintiffs took title to the premises in front of which sidewalks were to be laid. It is immaterial what the preliminary arrangements were between the parties, whether the agreement to purchase was verbal or in writing. The original agreement was performed with the exception of laying the sidewalks, and it was to secure the performance of that part of the transaction as shown by the bond that the bond was given. At the time the land was acquired by plaintiffs, it was still a part of village of Oakwood, but its annexation to the city of Detroit had been voted upon and carried, and it subsequently became a part of the city of Detroit. In village of Oakwood sidewalks were to be four feet wide. In Detroit they were to be six feet wide. The trial court rendered a judgment based upon the building of sidewalks four feet wide. Plaintiffs claim it should cover sidewalks as required by law. Defendant must be charged with knowledge that the property in question would soon be in the city of Detroit, and to. have contracted with reference to such change. The condition of the obligation was that:

"If the said Harry W. Brower, shall in all respects well and truly carry out the requirements as to the laying of sidewalks and planting shade trees upon the said subdivisions within two years, then this obligation is to be null and void," etc.

Brower had two years in which to lay the sidewalks. Defendants must be held to have contracted with reference to any and all lawful requirements of the governing body having jurisdiction of the premises. If the requirements of the charter or ordinances of the city of Detroit as to sidewalks were greater or less than those in the village of Oakwood, defendants must be held to have contracted with reference to them; that is, with reference to the laying of lawful sidewalks at the time and place they were to be laid. There was proof of what it would cost to build the sidewalks in question. Judgment should be entered for plaintiffs for $1,102.06. The case will be remanded with instructions to enter such judgment, with costs to plaintiffs.

McDONALD, C. J., and CLARK, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.