SPECTOR, Judge.
The plaintiff has appealed a final order granting defendant’s motion to dismiss an action against the appellee surety company for damages allegedly sustained as a result of the actions of appellee’s principal, a mobile home dealer who had assigned two separate conditional sales contracts to the *12 appellant on the same house trailer. Put differently, the dealer sold a contract to the bank on one trailer twice.
 Appellant’s action is bottomed on the contention that it is entitled to recover from the surety bond filed by appellee with the Department of Motor Vehicles in behalf of the dealer pursuant to the provisions of Section 320.80, Florida Statutes, F.S.A. The dismissal of the complaint by the learned trial judge centers upon his interpretation of the word purchaser within the meaning of the cited statutory provision. In essence, the holding was that an assignee of a retain title contract from the vendor of a mobile home is not a purchaser within the meaning of the statutory bond provided for in Section 320.80, Florida Statutes, F.S.A.
Our consideration of the briefs and arguments of the parties- has failed to convince us that the trial judge’s interpretation of the statute was erroneous. Accordingly, we affirm the judgment under review.
Inasmuch as the trial judge distinguished the rights of various parties under the surety bond provisions of Section 320.80, Florida Statutes, F.S.A., relating to mobile home dealers, or trailer coach dealers as they are designated in the statute and the surety bonds required to be posted by motor vehicle dealers under the provisions of Section 320.27(10), we think it appropriate to set out the material portion of the trial judge’s well reasoned order of dismissal which is as follows:
“The defendant’s motion to dismiss the complaint presents the question, whether an assignee of a retain title contract from a vendor of a mobile home, is a ‘purchaser’ within the meaning of statutory bond posted pursuant to Section 320.80, Florida Statutes [F.S.A.], and therefore entitled to recover for breach of a warranty against liens in the assignment of the conditional sales contract.
“As originally adopted Section 320.80 was a counterpart of Section 320.27(10), requiring a similar bond of used car dealers. Both Section 320.27(10) (b) and 320.-80(2), provided that the bond should be in favor of any ‘purchaser’ and ‘when said purchaser shall suffer any loss or damage, et cetera’. Subsequently, Section 320.27 (10) was amended to provide that the bond should be in favor of ‘any person who shall suffer any loss as a result of any violation of the conditions’ therein stated. This was clearly intended to expand the coverage, so as to include not only purchasers but others dealing with the dealer.
“It is contended that the word ‘purchaser’, as used in Section 320.80 would include the assignee of a vendor under a retain title contract, since the vendor, by the assignment, also transfers the mobile home. However, the retention of title by a vendor is technically only as security for the debt. The purchaser, named in the contract, is entitled to possession and is treated as the owner under the title registration laws and in all other respects, subject only to his fulfillment of the obligations of the contract.
“The assignee of the vendor’s rights is only acquiring finance papers. As Judge Rawls realistically pointed out in Barnett First National Bank of Jacksonville v. Custom Finance Company, First District Court of Appeal, decided April 3, 1968: ‘Barnett became the financier of the buyers the same as Custom was the financier for Cardair.’
“It would be stretching the plain meaning of the word ‘purchaser’ to hold that the vendor’s assignee is a purchaser or stands in the shoes of the purchaser. There is only one purchaser, and that is the one who bought the mobile home from the dealer. The Barnett Bank acquired no rights through him; its rights are only the rights of the vendor.
“The legislature clearly recognized the restrictive meaning of the word ‘purchaser’, by amending 320.27, and thereby extending the protection of the bond, in the case of used cars, to the vendor’s assignee. *13 But, they failed to do the same as to the mobile home statute, 320.80; and the Court cannot perform the legislative function or guess the legislative intent, by writing into 320.80 something which is clearly not there, no matter how desirable the result might be. It is therefore”
Affirmed.
WIGGINTON, C. J., and CARROLL, DONALD K., J., concur.