238 So.2d 482 (1970)
INTERSTATE SECURITIES COMPANY, a Corporation, Appellant,
v.
HAMRICK'S AUTO SALES, INC., a Company, Northwestern National Insurance Company, a Corporation, Appellees.
No. L-485.
District Court of Appeal of Florida, First District.
August 18, 1970.
*483 Blalock, Holbrook, Lewis, Paul & Bennett, Jacksonville, for appellant.
Dean Boggs of Boggs & Colee, and Robert B. Horner, Jacksonville, for appellees.
SPECTOR, Judge.
The sole question presented by this appeal is whether a person furnishing "floor plan" financing to automobile dealers may recover under the surety bond required of motor vehicle dealers by Section 320.27(10), Florida Statutes, F.S.A.
Pursuant to this statute, defendant Hamrick entered with defendant Northwestern into a surety bond agreement of $5,000.00 providing coverage for any person suffering a loss as a result of Hamrick's failure to comply with the conditions of any written contract made by Hamrick in connection with the sale or exchange of any motor vehicle, or a loss as a result of Hamrick's violation of any provision of Chapters 319 and 320, Florida Statutes.
In his regular course of business of buying and selling used automobiles, Hamrick obtained from the plaintiff, Interstate, separate temporary (floor plan) financing for the purchase of three automobiles for a total loan of $4,856.00. As security for this floor plan financing, Hamrick gave to Interstate the original certificates of title and retained possession of the automobiles under a trust receipt. Hamrick sold these three automobiles by obtaining duplicate certificates of title. Hamrick retained the monies derived from the sales instead of paying these sums to Interstate pursuant to the agreement between the parties. In the law suit that followed, a final judgment was entered in favor of Interstate against Hamrick, but the court held that Hamrick's surety, Northwestern, was not liable, ruling that the transaction giving rise to the suit was not "in connection with the sale or exchange of any motor vehicle" as provided by both the surety bond agreement and Section 320.27(10), Florida Statutes, F.S.A. Plaintiff, Interstate, appeals that part of the final judgment finding Northwestern not liable under the surety bond agreement.
In support of the judgment below, the appellee agrees that the bonding statute here considered is designed for the protection of the general buying public purchasing automobiles in this state. Certainly, this is one of the purposes of the statute, but it is not the sole purpose. While the statute once required that the bond be made in *484 favor of "any purchaser", the statute was subsequently amended to read "any person". As this court stated in Barnett First National Bank v. Fidelity & Deposit Company, 221 So.2d 11 (Fla.App. 1969), "The legislature clearly recognized the restrictive meaning of the word `purchaser' by amending 320.27, and thereby extending the protection of the bond, in the case of used cars, to the vendors assignee."
The basis of the ruling appealed is that Interstate's loss did not arise out of Hamrick's failure to comply with the conditions of a written contract made in connection with the sale or exchange of a motor vehicle. With this we agree. However, the opinion of the trial judge failed to speak to that part of the statute allowing recovery under the bond if the loss incurred by "any person" was the result of a violation of Chapters 319 or 320.
Defendant Hamrick's answer admits that he obtained duplicate titles to the cars involved. In view of § 319.21(2) and § 319.34, Florida Statutes, making it unlawful to sell a motor vehicle without delivery to the purchaser of a certificate of title, it was necessary for Hamrick to obtain duplicate titles since the original titles were in the hands of Interstate. The only way Hamrick could have gotten the original title certificate would have been to comply with the trust receipt agreement made with Interstate which contemplates repayment of the floor plan loans before sale, or at least before Interstate gives up the title certificate. Therefore, without Hamrick's duplicity in obtaining a duplicate title certificate, the loss to Interstate would not have occurred. The question now becomes whether Hamrick's actions were such as to bring him within the purview of Section 320.27(10), Florida Statutes.
The evidence shows, and it is admitted, that Hamrick, knowing full well that the original title certificates were in the hands of Interstate, nevertheless procured duplicate title certificates by falsely representing that the original title certificates had been lost or destroyed. This is clearly a violation of Section 319.29, Florida Statutes, relating to replacement of lost or destroyed title certificates. It seems to us that the procurement of a duplicate title certificate by making a false representation in connection with the application therefor in violation of Chapter 319 is a breach of one of the conditions of the bond required under Section 320.27(10), Florida Statutes.
The loss of Interstate arose out of a violation by the dealer of Chapters 319 or 320, and the loss is therefore covered by the bond required in Section 320.27(10). Accordingly, the judgment entered below holding that appellant's claim is not within the purview of the bond issued by appellee is reversed.
CARROLL, DONALD K., Acting C.J., and WIGGINTON, J., concur.