GENESEE MERCHANTS BANK & TRUST COMPANY v ST PAUL
FIRE & MARINE INSURANCE COMPANY

1. STATUTES—EFFECTIVE DATE—IMMEDIATE EFFECT.

Unless two-thirds of the members of each house of the Legislature vote to give an act immediate effect, that act, or any part thereof, will not become effective until 90 days after the end of the session in which it was passed (Const 1963, art 4, § 27).

2. BONDS—AUTOMOBILE DEALERS—STATUTES—AMENDMENTS—EFFECTIVE DATE.

An automobile dealer's statutorily required bond, executed after the passage of but prior to the effective date of an amendatory act, which fulfilled the requirements of the law in force at the time of execution was not affected by the amendatory act which required a larger bond, with protection running to a larger class of individuals (MCLA 257.248, 1966 PA 216).

3. BONDS—INDEMNITY—AUTOMOBILE DEALERS—STATUTES.

An insurance company was not liable to a bank on an indemnity bond for an automobile dealer as a matter of law where the bond was executed pursuant to the statutory provisions in effect prior to the effective date of an amendatory act to the statute governing the bond and the provisions of the bond as well as the statute prior to amendment did not require that the bond run to financial institutions holding only a security interest in the dealer's automobiles (MCLA 257.248, 1966 PA 216).

Appeal from Genesee, Earl E. Borradaile, J. Submitted Division 2 March 14, 1973, at Lansing. (Docket Nos. 14136, 14137.) Decided May 24, 1973.

Complaint by Genesee Merchants Bank & Trust Company against St. Paul Fire & Marine Insurance Company to recover on a surety bond. Rich-

REFERENCES FOR POINTS IN HEADNOTES
[1] 50 Am Jur, Statutes § 505.
[2, 3] 12 Am Jur 2d, Bonds §§ 1–48.

ard G. Perry, Patricia Perry, and Harry C. McVey were named as third-party defendants. Judgment in favor of plaintiff against defendant, and judgment in favor of third-party plaintiff against third-party defendants. Defendant St. Paul Fire & Marine Insurance Company appeals. Reversed as to all defendants and remanded with instructions.

*Neithercut & Neithercut* (by *Kittredge R. Klapp)*, for plaintiff.

*Jenkins, Fortescue, Miller & Nystrom* (by *Carl F. Schier* and *Merle R. Jenkins)*, for defendant St. Paul Fire & Marine Insurance Company.

*Thomas L. Gadola,* for third-party defendants.

Before: QUINN, P. J., and BRONSON and VAN VALKENBURG,* JJ.

VAN VALKENBURG, J. The primary issue in this appeal concerns whether the provisions of 1966 PA 216 should be incorporated into a bond issued by defendant insurance company on December 2, 1966. The bond in question was the statutorily required bond necessary to acquire a motor vehicle dealer's license. Defendants Perry and McVey were motor vehicle dealers doing business as Perry Mobile Homes, Inc. Perry Mobile Homes, Inc., secured from defendant insurance company a bond in the amount of $3000 in accordance with MCLA 257.248; MSA 9.1948 as it read prior to its amendment by 1966 PA 216. The bond as issued was for the 1967 license. The purpose of the bond was to protect the designated class of persons from fraud and misrepresentation on the part of the dealer.

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

At some time after March 10, 1967, an employee of Perry Mobile Homes, Inc., defrauded plaintiff bank by selling it valueless commercial paper. Plaintiff bank obtained a judgment against Perry Mobile Homes in the amount of $28,656.82 and sought to recover $10,000 from defendant insurance company.[1] Plaintiff bank asserted that recovery should be in the amount of $10,000 since 1966 PA 216 required a bond in that amount.[2] Defendant insurance company took the position that the bond was subject to the provisions of MCLA 257.248, *supra,* as it read prior to the amendatory language of 1966 PA 216;[3] and, therefore, the bank had no right to recover, or, in the alternative, that recovery was limited to $3000. The trial court granted judgment in favor of plaintiff and against

[1] Defendants Perry and McVey were made third-party defendants by reason of an indemnity agreement with defendant insurance company.

[2] MCLA 257.248; MSA 9.1948 as amended by 1966 PA 216 provides:

"Every applicant for a license shall accompany his application with a properly executed bond or renewal certificate, if a renewal certificate is used, the bond shall be considered as renewed for each succeeding year in the same amount and with the same effect as if an original bond were being given. The bond shall be in the sum of *$10,000.00* with good and sufficient surety or sureties to be approved by the secretary of state, and shall be conditioned to indemnify or reimburse *any purchaser, seller, financing agency or governmental agency* for any *monetary loss* caused through fraud, cheating or misrepresentation *in the conduct of the vehicle business,* whether the fraud, cheating or misrepresentations were made by the dealer or his or its employees, agents or salesmen." (Emphasis added.)

[3] MCLA 257.248; MSA 9.1948 provided prior to the amendment that:

"Every applicant for a license shall accompany his application with a properly executed bond in the sum of *$3,000.00* with good and sufficient surety or sureties to be approved by the secretary of state, and shall be conditioned to indemnify or reimburse *any purchaser of a vehicle in a sum equal to at least the amount of any payment or payments such purchaser may have been induced to make through fraud, cheating or misrepresentation as to kind, quality or value of such vehicle,* whether the said fraud, cheating or misrepresentations were made by the dealer or his or its employees, agents or salesmen, either at the time of making the sale or through any public advertisement." (Emphasis added.)

defendant insurance company in the amount of $10,000.

The crux of the question is whether the bond as issued was controlled by the amendatory language of 1966 PA 216 or whether it was controlled by the provisions of the statute prior to the amendment. Plaintiff bank asserts that the new amendments control since the act provided in § 2 that: "This act shall become effective for dealers licenses issued for the calendar year 1967 and thereafter". For a clear understanding of the situation, a review of the chronology and history of 1966 PA 216, as found in the 1966 Senate Journal, pp 910, 929, 2089–2090, 2306, and 2324 and the 1966 House Journal, pp 3271–3274 and 3342–3344, is necessary.

Senate Bill No. 861, being the genesis of the eventual 1966 PA 216, was introduced with the provision that the bond be in the amount of $20,-000. When the bill was reported out of committee it was substantially as introduced; however, the committee of the whole reinstated the original bond amount of $3000 and inserted the above quoted § 2. Eventually the bill was passed by a 21 to 13 vote. The record is completely barren of any motion for immediate effect.

The House amended the amount required for the bond to $10,000, and the bill was brought for a third reading on June 10, 1966. The first attempt at passage resulted in a defeat by a vote of 47 to 49. Later the same day a motion for reconsideration was made, and approval was obtained by a vote of 56 to 39. Again there was no effort made to secure immediate effect.

The Senate concurred in the amendment as to the $10,000 figure and the bill was sent to the Governor by way of the regular processes; final

approval being on July 11, 1966. For some un-
known reason, although the act spoke of being
effective for all dealer licenses issued for 1967,
1966 PA 216 was not given immediate effect.

Const 1963, art 4, § 27 provides:

"No act shall take effect until the expiration of 90
days from the end of the session at which it was passed,
but the legislature may give immediate effect to acts by
a two-thirds vote of the members elected to and serving
in each house."

The language is clear and unequivocal. Unless
two-thirds of the members of each house of the
Legislature vote to give an act immediate effect,
that act, or any part thereof, will not become
effective until 90 days after the end of the session
in which it was passed. In the instant case, since
1966 PA 216 was not given immediate effect and
since the session ended on December 9, 1966, 1966
PA 216 did not become effective until March 10,
1967.

The rule with respect to the status of a statute
between the time of its passage and the time it
becomes effective is succinctly stated in 22 Calla-
ghan's Michigan Civil Jurisprudence, Statutes,
§ 168, p 549:

"A statute passed to take effect at a future day is to
be understood as speaking from the time it goes into
operation, and not from the date of its passage. The
intervening period is allowed to enable the public to
become acquainted with its provisions; but until it
becomes operative as a law, they cannot be compelled
to govern their actions by it."

The holding in *People v Righthouse,* 10 Cal 2d 86,
88; 72 P2d 867–868 (1937), is also instructive:

"It has been uniformly held in this state that a

statute has no force whatever until it goes into effect pursuant to the law relating to legislative enactments. It speaks from the date it takes effect and not before. Until that time it is not a law and has no force for any purpose. So where the legislature passes an act to amend a statute then existing, the latter remains in full force during the time between the passage of the amendatory act and the time when it becomes effective." (Citations omitted.)

Also, see *Rice v Ruddiman,* 10 Mich 125 (1862); *Price v Hopkin,* 13 Mich 318 (1865); *Wohlscheid v Bergrath,* 46 Mich 46 (1881); *Weaver v Haney,* 32 Mich App 424 (1971).[4]

The bond executed on December 2, 1966 fulfilled the requirements of the law in force at that time. The bond properly limited its protection to $3000; said protection running to an actual purchaser, but not financing institutions.[5] The fact that the statute as amended required a larger bond, with protection running to a larger class of individuals, is immaterial. As stated in *Hochevar v Maryland Casualty Co,* 114 F2d 948, 952 (CA 6, 1940):

"The scope of a surety's undertaking is measured by the bond and statutes applicable when it is executed; there can be no expansion by subsequent statutory changes."

---

[4] Plaintiff's reliance on *Campbell v Brower,* 263 Mich 160 (1933), is misplaced. *Campbell* was concerned only with the effect of knowledge of a future event upon the scope of a surety agreement between private parties. Here we are concerned with whether a statutory bond must comply with requirements imposed by an amendment which is not yet effective.

[5] MCLA 257.248; MSA 9.1948 prior to the amendment by 1966 PA 216 required a bond to indemnify "any purchaser of a [motor] vehicle". Plaintiff would have this Court construe the term "purchaser" to include the mere holder of a security interest, as evidence by the fact that 1966 PA 216 extended protection to "any purchaser, seller, financing agency or governmental agency". It is clear that the Legislature did not consider a financing institution to be a purchaser within the meaning of the statute.

Since the bond was governed by the provisions of MCLA 257.248; MSA 9.1948 prior to the amendments provided for in 1966 PA 216, and since the statute prior to amendment did not require that the bond run to financial institutions holding only a security interest, defendant insurance company is not liable to plaintiff bank on the bond as a matter of law. Patently, in view of the foregoing conclusion, there is no need to reach the question of the extent of the liability of third-party defendants Perry and McVey to defendant insurance company.

Reversed and remanded for entry of a judgment of no cause for action as to all defendants. No costs, a statutory interpretation being involved.

All concurred.