0862

ACTION MORTGAGE CORPORATION, Appellant v. Donald E. VAN DEUSEN and Greater Greenville Homes and Sentry Indemnity Company, of whom Sentry Indemnity Company is Respondent.

(352 S. E. (2d) 711)

Court of Appeals

*Barney O. Smith, Jr.* and *Rita M. McKinney,* of *Smith &
McKinney,* Greenville, *for appellant.*

*Richard M. Kennedy, III,* Columbia, *for respondent.*

Heard Nov. 11, 1986.

Decided Jan. 19, 1987.

GOOLSBY, Judge:

In this action for breach of contract accompanied by a
fraudulent act brought by the appellant Action Mortgage
Corporation against the defendants Donald E. Van Deusen

and Greater Greenville Homes and the respondent Sentry Indemnity Company, the dispositive issue is whether an action may be maintained by a lending institution against a surety on a statutory bond required of a licensed manufactured home dealer. We hold that a lending institution may bring such an action. The judgment below, therefore, is reversed.

Action Mortgage is a finance company that finances the sale of manufactured homes. A "manufactured home" is a "mobile home." S. C. Code of Laws § 31-17-20(a) (Supp. 1985). At the time this action accrued, Van Deusen was a licensed manufactured home dealer who did business in Greenville County as Greater Greenville Homes. Sentry Indemnity is a bonding company and was surety on the bond posted by Van Deusen pursuant to Section 31-17-110 of the Uniform Standards Code for Manufactured Housing Act. *See* S. C. Code of Laws § 31-17-10 *et seq.* (Supp. 1985).

Van Deusen sold a mobile home to Samuel L. Mobley and his wife. Action Mortgage financed the sale pursuant to a dealer agreement. Van Deusen represented to Action Mortgage and to Mobley that the mobile home's dimensions were $14 \times 60$ feet. In fact, they were $14 \times 48$ feet.

When Mobley later learned that the mobile home's length was not as Van Deusen represented it, he sued Van Deusen, Greater Greenville Homes, and Action Mortgage. Upon the recovery by Mobley of a default judgment against Action Mortgage, the trial judge ordered Action Mortgage to reduce the Mobley's debt on the mobile home by $5,000.

Action Mortgage then instituted the instant action against Van Deusen, Greater Greenville Homes, and Sentry Indemnity alleging that Van Deusen and Greater Greenville Homes fraudulently breached its contract with Action Mortgage by misrepresenting the length of the mobile home sold Mobley and his wife and financed by Action Mortgage.

At the close of Action Mortgage's case, the trial judge granted Sentry Idemnity's motion for involuntary nonsuit solely upon the ground that Action Mortgage lacked standing to maintain against Sentry Indemnity an action based on the statutory bond. The trial judge construed Section 31-17-110 to limit the bringing of an action based on the statutory bond to "the consumer, to the person who buys the home."

The case proceeded against Van Deusen and Greater Greenville Homes. Action Mortgage recovered a jury verdict against them in the amount of $5,000. Action Mortgage appeals Sentry Indemnity dismissal from the case.

In *Watson v. Harmon*, 280 S. C. 214, 312 S. E. (2d) 8 (Ct. App. 1984), we stated that a bond given pursuant to a statute must be construed with reference to the statute requiring the bond and interpreted according to the purpose and meaning of the statute.

Section 31-17-110 of the Uniform Standards Code of Manufactured Housing Act provides in part:

> All licensees for a manufactured housing license shall ... furnish a corporate surety bond in the sum of ten thousand dollars. The bond shall provide against any misappropriation of funds belonging to the purchaser, any alteration on the part of the salesman to deceive the purchaser as to the manufacture or construction of the product or any false and fraudulent representations or deceitful practices in selling or representing a product and any failure to fulfill warranty obligations.

While it is true that a purpose of the statute is to protect a "purchaser" of a manufactured home, that is not the statute's only purpose. Its purpose is to protect others as well. Among those also protected is anyone, whether a purchaser or not, to whom "false and fraudulent representations" have been made or on whom "deceitful practices" have been used "in selling or representing a product." If a lending institution, which is not a purchaser, falls within either of the latter categories, it too is entitled to the statute's protection.

This view is consistent with the interpretation, as reflected in its regulations, given Section 31-17-110 by the South Carolina Manufactured Housing Board, the body charged with the administration of the Uniform Standards Code for Manufactured Housing Act. One of its regulations defines the term "person" to mean "every natural person, firm, partnership or corporation" while another regulation requires that a licensee's bond be "in favor of any person who shall suffer any loss as a result of any violation of the conditions herein contained." S. C. Code of Laws Regs. 19-425.1 H and 19-425.4 (1976). These regulations do not limit the protection afforded by the bond solely to pur-

chasers. Rather, they recognize that the bond required by Section 31-17-110 is designed for the protection of "any person," whether a natural person or a corporation, who suffers a loss on account of a manufactured home dealer's failure to comply with the conditions required by the statute.

We therefore hold that a lending institution which has financed a sale of a mobile home and to which false representations were made or on which deceitful practices were used in connection with the sale of a mobile home by a licensed dealer comes within the class protected by Section 31-17-110. *See Ramsey National Bank & Trust Co. v. Suburban Sale & Service, Inc. of Devils Lake, North Dakota*, 231 N. W. (2d) 732 (N. D. 1975) (although the primary purpose of a statute that required a motor vehicle dealer to obtain a bond as a condition of licensure was to protect purchasers, the statute's provisions held also to benefit financial institutions that loaned a dealer money required to maintain an inventory); *Interstate Securities Co. v. Hamrick's Auto Sales, Inc.*, 238 So. (2d) 482 (Fla. Dist. Ct. App. 1970) (a loss sustained by a lender furnishing "floor plan" financing to an automobile dealer held covered by the dealer's statutory surety bond); *but see Boone State Bank & Trust Co. v. Westfield Insurance Co.*, 298 N. W. (2d) 315 (Iowa 1980) (statutorily-required motor vehicle dealer's surety bond held to protect purchasers but not financiers).

We turn now to the question of whether a member of the protected class may maintain an action on the bond required by Section 31-17-110.

In *Watson v. Harmon, supra*, we held that a member of a protected class will be allowed to maintain an action on a statutory bond in the absence of a statute expressly conferring such a right where a particular occupational group is licensed and a bond is required as part of a legislative scheme to protect the public and there is no clear statutory language expressing a contrary legislative intent to disallow the bringing of such an action.

Here, the Uniform Standards Code for Manufactured Housing Act requires a particular occupational group to be licensed, namely, any person engaged "in the business of selling [manufactured homes], wholesale or re-

tail as a dealership, retail salesman, manufacturer or manufacturer's representative, in this State." S. C. Code of Laws § 31-17-100 (Supp. 1985). Further, the bond required by Section 31-17-110 of the Act is but one part of a general enactment to protect the public in its relations with this group. *See Id.* § 31-17-120 (prescribes administrative penalty for selling a manufactured home without a license); *Id.* § 31-17-150 (authorizes the Board to conduct inspections of establishments and other places where manufactured homes are manufactured, stored, or held for sale); *Id.* § 31-17-170 (prescribes civil penalties for, *inter alia*, violations of Board regulations and criminal penalties for willful violations of certain state laws). Since there is also no language in the Act that clearly expresses the legislative intent that those protected by Section 31-17-110 may not maintain an action based on the required bond, we therefore hold that a member of the protected class may maintain an action based thereon.

■ Thus, Action Mortgage, as a beneficiary of the bond required by Section 31-17-110, has standing to bring the instant action against Sentry Indemnity.

We do not address the additional sustaining grounds advanced by Sentry Indemnity. They are not properly before us. *See Carter v. Peace*, 229 S. C. 346, 93 S. E. (2d) 113 (1956) (proposition relied on as an additional sustaining ground must be presented to and passed on by the trial court to warrant consideration on appeal).

Reversed.

BELL and CURETON, JJ., concur.