THREADGILL, Acting Chief Judge.
The appellant, Automotive Finance Corporation (AFC), a floor plan financier, challenges a final order, which dismisses its action for damages against the appellee, Washington International Insurance Company (WIIC), the surety of a used car dealer who defaulted under its floor plan arrangement with AFC. We affirm.
In October 1996, AFC loaned money to RWO, Inc., a used car dealer, for the purchase of automobiles for RWO’s dealership. RWO thus executed a promissory note and security agreement in favor of AFC for the principal amount of the loan plus interest. According to the security agreement, RWO was obligated to repay the note directly from the sale proceeds of the used automobiles in its inventory. For that reason, AFC held, as security, the certificates of title to all of the vehicles RWO financed under the floor plan. WIIC was the insurance company, who issued the motor vehicle surety bond for RWO, as required by section 320.27(10), Florida Statutes (1996).
When RWO defaulted on its obligation, AFC learned that RWO had, in violation of the security agreement, sold automobiles out of its inventory without directing any of the proceeds to AFC — -transactions otherwise referred to as “out of trust” sales. AFC, thus, pursuant to section 320.27(10), made a claim on the surety bond. When WIIC denied the claim, AFC filed suit. The complaint alleged that AFC sustained damages arising out of its “wholesale floor plan financing” arrangement with RWO, when RWO sold its floor planned vehicles either without providing valid titles to the buyers or by improperly providing buyers with duplicate titles, in violation of chapters 319 and/or 320, Florida Statutes (1996). WIIC filed a motion to dismiss, asserting that AFC was not a person protected by the bond, because it did not suffer a loss arising from a retail or wholesale transaction with RWO, as contemplated by section 320.27(10)(b). The complaint was dismissed with prejudice, and AFC *1105 timely appealed. The question before this court is thus whether a floor plan financier is an intended beneficiary of a surety bond issued under section 320.27(10).
Section 320.27(10)(b) provides:
Surety bonds and irrevocable letters of credit shall be in a form to be approved by the department and shall be conditioned that the motor vehicle dealer shall comply with the conditions of any written contract made by such dealer in connection with the sale or exchange of any motor vehicle and shall not violate any of the provisions of chapter 319 and this chapter in the conduct of the business for which the dealer is licensed. Such bonds and letters of credit shall be to the department and in favor of any person in a retail or wholesale transaction who shall 'suffer any loss as a result of any violation of the conditions herein-above contained.
In its final order, the trial court determined:
[AFC’s] claim against the Bond alleges that [AFC] was involved in a “wholesale transaction” with RWO, the bond principal.
The Court notes that a “Wholesale transaction” is commonly defined as trade in goods, usually in bulk, for the purpose of resale in smaller lots at an increased price. The lending of money does not fit that definition.
[AFC] cites Interstate Securities Company v. Hamarick’s [sic] Auto Sales, Inc., 238 So.2d 482 ([Fla.App.]1st DCA 1970), for the proposition that this bond covers floor planners; the Court finds that said case does not apply to the present statute.
When the Interstate Securities case was decided in 1970, the bond covered “any person.” Subsequent amendments to the statute place[d] a more restrictive meaning on the class of persons covered by the bond so that it would not be as broad as the coverage of “any person.” The [1977] change to “any retail eustomer” clearly shows that a floor plan financier was no longer covered by the bond. The [1985] change to “any retail or wholesale customer” expanded the coverage only to include wholesale transactions.
This Court finds, as a matter of law, that [AFC] lacks standing to make a claim upon the Bond as floor plan lending is not a “retail or wholesale transaction.”
We have 'carefully considered AFC’s well-reasoned arguments, but agree with the trial court’s rationale and ultimate conclusion that AFC is not an intended beneficiary under the statute. The language of the statute, however, is susceptible of interpretation in AFC’s favor and thus requires legislative clarification to better define the intended beneficiaries of motor vehicle bonds. We therefore affirm the final judgment, but acknowledge that this decision may be in conflict with Interstate Securities Co. v. Hamrick’s Auto Sales, Inc., 238 So.2d 482 (Fla. 1st DCA 1970).
Affirmed.
BLUE and GREEN, JJ., Concur.