MARIE SMITH, Appellant, v. CITY OF DAVENPORT, Appellee.

**ACTIONS:** **Premature Commencement—Waiver.** The objection that an action was prematurely brought is waived unless presented *during the period* of prematurity.

*Appeal from Scott District Court.*—WILLIAM W. SCOTT, Judge.

DECEMBER 11, 1924.

ACTION at law, to recover damages for falling on an icy sidewalk. Defendant's demurrer to the petition and amendment thereto was sustained. Plaintiff elected to rely on her petition, and it was dismissed.—*Reversed.*

*Ernst Claussen, Andrew L. Chezem,* and *Scott & Scott,* for appellant.

*Henry Theunen,* City Attorney, and *Ralph Williams,* Deputy City Attorney, for appellee.

PRESTON, J.—Defendant is a special charter city. The injury occurred January 30, 1923. The original petition was filed February 23, 1923, less than 30 days after the happening of the accident. Plaintiff served notice of the time, place, and circumstances of the accident, February 8, 1923. The pleadings are very voluminous. In a somewhat abbreviated form, they· are contained in about 25 pages of the argument.

To the original petition, defendant, on May 9, 1923, demurred, on the ground that it appears that said action was brought on February 23, 1923, and within less than thirty days after giving notice to said defendant, which notice, it appears from the petition, was given February 8th. The demurrer was sustained, but the record does not show the date when it was so sustained. It must have been after May 9th. Thereafter, and on May 17, 1923, plaintiff filed what she denominates amended and supplemental petition, making practically the same allegations as in the original petition, except that she therein claims for additional damages after the filing of the original petition and notice. The original petition claimed for medical treatment, also ·for hospital bill, and help in the family, and for loss of time as housewife and waitress. The amended petition claims for the same items, but in a larger amount as to some of them. It also alleges that, before plaintiff had filed her suit and caused the original notice therein to be served, and after the service of the statement and claim of injury, and within thirty days after the injury, the defendant city denied all liability for said injury and damage, and so, upon such denial, the plaintiff brought her action. To this amended and supplemental petition, the city, on May 18, 1923, demurred, on the same ground, and the further ground that:

"If plaintiff desires the amended and supplemental petition to be treated as a new action, then the same is brought

more than 90 days after the cause of action, which, according to the petition, was January 30, 1923.''

This demurrer was sustained on September 1, 1923.

Two statutes which bear on this question are Sections 1050 and 1051, Code of 1897. The first reads:

''No suit shall be brought against any such city for any unliquidated claim or demand unless within three months from the time the same became due or cause of action accrued thereon, nor unless a written, verified statement of the general nature, cause and amount of same is filed with the clerk or recorder thirty days before the commencement of such suit.''

The second reads:

''In all cases of personal injury or damage to property resulting from defective streets or sidewalks, or from any cause originating in the neglect or failure of any municipal corporation or its officers to perform their duties, no suit shall be brought against any such city after three months from the time of the injury or damage, and not then unless a written verified statement of the amount, nature and cause of such injury or damage, and the time when and the place where such injury occurred, and the particular defect or negligence of the city or its officers which it is claimed caused or contributed to the injury or damage, shall be presented to the council or filed with the clerk within thirty days after said alleged injury or damage was sustained.''

In *Kenyon v. City of Cedar Rapids*, 124 Iowa 195, it was held that a demurrer to the petition was properly sustained on the ground that the action was brought within thirty days after giving notice to the city. The two statutes before quoted were construed, and it was held that there was no conflict, and that plaintiff should have postponed the commencement of her action until the expiration of thirty days after giving notice of her claim.

The trial court evidently followed the *Kenyon* case. In so far as that case holds that there is no conflict in the statutes, it may be conceded and adhered to. However, we are not prepared to follow, or now hold, under the circumstances of that case, or this, that the demurrer should have been sustained. Such action disposes of the entire case on the merits. That the

action was prematurely brought is a question, pure and simple, of abatement. 1 Corpus Juris 107; *Salmon v. Farm Prop. Mut. Ins. Assn.,* 168 Iowa 521; *Telegraph v. Lee,* 125 Iowa 17, 19. It may be that the demurrer should have been treated as a plea in abatement. This may be done sometimes. *Vinton v. Board of Supervisors,* 196 Iowa 329, 335. If it is so treated, the judgment should show that the decision was on a question of abatement; at least, this would be so, under the statute cited later, had it been a plea in abatement, as well as a plea to the merits. Otherwise, it will be presumed that the decision was on the merits. *Reeves & Co. v. Lamm Bros.,* 135 Iowa 201. If there is a cause of action, which action is brought without performance of a condition precedent to the right to sue thereon, this objection is ground for abatement of the action, and must usually be so pleaded. If, however, nonperformance of the condition goes to show that there is no cause of action at all, it is matter in bar, and cannot be pleaded in abatement. 1 Corpus Juris 110. If the petition herein failed to state a cause of action, and as well that the action was prematurely brought, demurrer would lie. There is no claim that the petition does not state a cause of action. The demurrer does not raise that question. The statute, Section 3642, Code of 1897, provides that:

"Matter in abatement may be stated in the answer or reply, either together with or without causes of defense in bar; and no one of such causes shall be deemed to overrule the other."

Section 3771, Code of 1897, provides that:

"Where matter in abatement is pleaded in connection with other matter not such, the finding of the jury or court must distinguish between matter in abatement and matter in bar, and the judgment must, if it is rendered on the matter in abatement, and not on the merits, so declare."

It is plain that the purpose is that a decision on a matter purely of abatement shall not be a determination of the case on the merits. A plea in abatement is a dilatory plea, and is generally not favored. 1 Corpus Juris 28. It is a well settled general rule that matter going merely in abatement of an action must be presented promptly at the first opportunity, and will be waived by laches. 1 Corpus Juris 258, 268. It may be

waived by failing to ask for trial or disposition within a reasonable time. 1 Corpus Juris 272.

It will be observed from the record before set out that the first demurrer was not filed until May 9th, or three months after the service of notice of claim. The second demurrer was filed promptly, the next day after the amended and substituted petition was filed. This was doubtless on the theory that plaintiff's entire cause of action was then barred by the statute of limitations. As stated, the sustaining of the demurrer disposed of plaintiff's entire claim on the merits; but if this were not so, if she is compelled to bring a new action now, it might be claimed that it would be barred. The filing of the amended and substituted petition was not a new cause of action. It is referable to the cause set up in the original petition and to the same verified statement of claim and notice. It simply amplifies the original cause of action. *Thayer v. Smoky Hollow Coal Co.*, 129 Iowa 550. The 30 days had elapsed when the amended petition was filed. In *Thompson v. Yousling*, 196 Iowa 363, 365 (erroneously cited by appellant as *Albright v. Meckley*), we said:

"The old rule that an action prematurely brought must in any event be abated on that ground has become obsolete. The prevailing present rule is that, if only time is wanting to mature the action, and if such time has elapsed when an issue is presented and tried upon the merits, the action need not be abated. The plaintiff will be permitted to file supplemental pleadings, and to proceed with the trial of his case on the merits, subject to such proper terms as the court may impose upon him by reason of his premature action. These terms usually take the form of the taxation of costs."

We think that rule should apply in the instant case. Although it is true that, in the *Thompson v. Yousling* case, the defendant proceeded to trial on the merits, the result is, to all intents and purposes, the same in the instant case, where the demurrer went to the merits and the case was decided on the merits.

Without a review of other cases sustaining our conclusion, or having a bearing thereon, see *Seddon v. Western Union Tel. Co.*, 146 Iowa 743, 747; *Moffitt v. Chicago Chronicle Co.*, 107 Iowa 407, 416; *La Plant v. Beechley*, 182 Iowa 452, 458.

We are of opinion that the trial court erred in sustaining the demurrer and dismissing the petition. The judgment is reversed, and the cause remanded.—*Reversed and remanded.*

ARTHUR, C. J., and EVANS and FAVILLE, JJ., concur.