ESTHER MAE HINDMAN et al., appellants, v. MARIE REASER et al., and MERRILL HEIKEN, executor of estate of Ine Heiken, deceased, appellees.

No. 48752.

(Reported in 72 N.W.2d 559)

Jones, Cambridge & Carl, of Atlantic, for appellants.

H. Wayne Black and Graham & Graham, all of Audubon, for appellee Clarence Heiken.

Clark D. Mantz, of Audubon, for appellees Mabel Oliver and Marie Reaser.

Dale D. Levis, of Audubon, for appellees Merrill Heiken and Merrill Heiken, executor of estate of Ine Heiken, deceased.

GARFIELD, J.—The question for decision is whether an action to partition real estate owned by a decedent on whose estate probate is pending, begun less than six months after notice of the executor's appointment, may be dismissed on motion submitted during the six-month period, in view of rule 270, Rules of Civil Procedure. We agree with the trial court that such an action so begun is subject to dismissal on motion.

Plaintiffs' petition, filed June 24, 1954, alleges Ine Heiken owned the realty in question; under his will, probated March 22, 1954, it passed in equal shares to his six surviving sons and daughters; one son deeded his sixth interest to plaintiffs (a daughter and her husband); subject to a lien against the land for Iowa inheritance tax and federal estate tax and to the rights of the executor (evidently to resort to the land if necessary to pay debts and charges) the land is owned one third by plaintiffs between them and one sixth by each of the other four surviving issue of Ine Heiken; the land cannot be equitably divided and should be sold and the proceeds divided.

July 13, 1954, three defendants—a son and two daughters of testator—owning among them a total of one-half interest

moved to dismiss the action on the ground it was begun in violation of rule 270, Rules of Civil Procedure, which provides:

"Real or personal property may be partitioned by equitable proceedings. Where the entire interest in real estate is owned by a decedent on whose estate administration or probate is pending, the action cannot be begun until six months after the notice of the administrator's appointment, nor at any time while an application for authority to sell such real estate is pending in the probate proceeding."

The motion to dismiss was submitted to the district court August 28, 1954, about five months after notice of appointment of testator's executor was given. The motion was sustained October 26, 1954, and plaintiffs have appealed.

Counsel on both sides agree the appeal hinges around the construction of rule 270. Defendants contend a partition action such as this brought within the six-month period referred to in rule 270 violates the rule and is subject to dismissal. Plaintiffs argue rule 270 does not prevent the beginning of a partition action during such six-month period provided no decree is taken until the period has elapsed. And we are told there was never any intention to take a decree until after the six months. Plaintiffs further argue the trial court, apparently on his own motion, should have continued the action until the six-month period elapsed. The record shows no request by plaintiffs for such continuance or consent thereto.

■ We have repeatedly held our Rules of Civil Procedure have the force and effect of statute. Van Gundy v. Van Gundy, 244 Iowa 488, 495, 56 N.W.2d 43, 46, and citations. Rule 270 is therefore to be considered as if it were a statute.

■ We see no escape from the conclusion that the beginning of plaintiffs' action here, less than two months after notice was given of the executor's appointment, was in plain violation of rule 270. The positive prohibition, "the action cannot be begun until six months after the notice of the administrator's appointment," is as clear as words can make it. The rule should be held to mean what it says, not something it does not say.

■ In at least three places in their brief plaintiffs in effect concede their action was commenced in violation of what they

call a literal interpretation of rule 270. Yet, as before indicated, we are asked to interpret the rule to mean that such an action may be begun during the six-month period provided no decree is taken during such time. The rule is not fairly subject to such interpretation. It is so plain and unambiguous in the respect now in controversy there is no room for interpretation or, perhaps more logically, there is only one possible interpretation that may be made. The rule says "The action cannot be begun" etc.

█ If rule 270 is to be changed to say what plaintiffs would like it to say the change should be accomplished in the manner provided by sections 684.18, 684.19, Code, 1954, and reported to the General Assembly like other changes in the rules. We should not rewrite the rule under the guise of interpretation to enable a litigant to circumvent it.

We call attention to only a few of the countless authorities on statutory construction that support the above views. Jones v. Thompson (Bliss, J.), 240 Iowa 1024, 1036, 38 N.W.2d 672, 678, answers in this way a request somewhat like that plaintiffs make here:

"This, the court cannot do. To do so would be an encroachment upon the exclusive province of the legislative department. It is within the power of the judicial department to construe * * * legislation but the power cannot be exercised so loosely and broadly as to effect judicial lawmaking.

█ "The only legitimate purpose of statutory construction * * * is to ascertain the legislative intent. And when the language of the statute is so clear, certain and free from ambiguity and obscurity that its meaning is evident from a mere reading, then the canons of statutory construction are unnecessary, because there is no need of construction * * *. We need not search beyond the wording of the statute."

Many decisions are cited to support the language just quoted. Michel v. State Board of Social Welfare (Thompson, J.), 245 Iowa 961, 964, 65 N.W.2d 89, 90, has this to say:

"Nor may we resort to rules of statutory interpretation to aid the plaintiffs. The statutes are clear and admit of only one meaning. Under such circumstances it is said there is no room

for interpretation; or, perhaps, more logically, there is only one possible interpretation that may be made. * * *.

"* * * The matter is entirely statutory, and the courts must follow the plain meaning of the legislative enactments."

We have held, "A proceeding to partition real property in this state is strictly statutory, * * *." Criswell v. Criswell, 227 Iowa 212, 218, 288 N.W. 130, 133.

Much that is said in Lorentzen v. Deere Mfg. Co. (Thompson, J.), 245 Iowa 1317, 1322, 66 N.W.2d 499, 502, might well be repeated here. The case is directly applicable. We quote only this: "When a statute is so clear and unambiguous that it admits of only one meaning, we are not allowed to construe it. We are not the judges of its wisdom; when the legislature has spoken in plain terms, we may not rewrite the statute in order to make what we may think is more desirable law. That is what we are invited to do here; we decline to enter the field of judicial legislation."

82 C. J. S., Statutes, section 312, says in heavy type: "The courts must construe statutes as they find them and are not to amend or change them under the guise of construction."

50 Am. Jur., Statutes, section 228, page 213, states: "A statute may not, under the guise of interpretation, be * * * distorted, remodeled, or rewritten, or given a construction of which its words are not susceptible, * * *. To depart from the meaning expressed by the words of a statute, is to alter it, and is not construction, but legislation."

We think the trial court was justified in dismissing on motion this action begun in plain violation of the positive prohibition of rule 270. He was not required, as plaintiffs now contend, to continue the action until the six-month period elapsed. Incidentally, as we have stated, the record shows no request by plaintiffs for such continuance or consent thereto. Certainly the trial court was not compelled on his own motion to order such a continuance.

In Music v. DeLong, 209 Iowa 1068, 1073, 1074, 229 N.W. 673, 676, it was argued on appeal the trial court should have stayed the action until the conclusion of another action between the same parties. We rejected the argument in this language:

"* * *, it is apparent that the cause should not have been stayed or abated, because there was no pleading on appellants' part asking for an abatement or a stay. Without a pleading of that nature asking for such relief, the redress cannot be granted. In fact, no request of any kind was made for a stay. No error appears, then, * * *."

It is obvious the practical effect of permitting an action like this to be begun during the six-month period provided it lies dormant until such time has elapsed is to rewrite rule 270. We have said this should not be done. No rule of law and no authority have come to our attention which entitles plaintiffs to a reversal.

The principal authority on which plaintiffs rely, Smith v. City of Davenport, 198 Iowa 1295, 201 N.W. 47, falls far short of supporting their claim to a reversal. It was an action for damages from a fall on a sidewalk commenced less than 30 days after the accident happened and, of course, less than 30 days after notice of the accident was filed with the city. The city's demurrer to the petition, *filed long after the expiration of the 30-day period*, on the ground it was prematurely brought in violation of statute, was sustained. Thereafter plaintiff filed an amended and supplemental petition making about the same allegations except that additional damages were claimed. It also alleged that before plaintiff brought her action and after service of statement and claim of injury on the city it denied all liability for the injury. A demurrer to the amended petition was also sustained on the same ground as the former demurrer and the additional one that if the amendment be treated as a new action it was barred because not brought within three months from the date of the injury as required by statute.

We reversed these rulings in Smith v. City of Davenport, supra, because (1) they disposed of the case on the merits, not because the action was prematurely brought and without prejudice to the bringing of another action which would be barred in any event; (2) the 30 days had elapsed when the amended petition was filed; and (3) the 30 days had elapsed before the first demurrer was filed or submitted. The Smith decision might well have been placed also upon the ground the amended petition alleged and the demurrer admitted the city denied all

1382

liability for the injury before the action was commenced. See Binder v. National Masonic Acc. Assn., 127 Iowa 25, 28, 29, 102 N.W. 190.

The only headnote to Smith v. City of Davenport, supra, reads: "ACTIONS: Premature Commencement—Waiver. The objection that an action was prematurely brought is waived unless presented *during the period* of prematurity." This headnote is in accord with our decision in Larsen & Son v. Retail Merchants Mutual Ins. Co., 212 Iowa 943, 945, 946, 237 N.W. 468, and generally with statements in 1 C. J. S., Abatement and Revival, section 193a, page 249; 1 Am. Jur., Actions, section 63, page 455.

 In the present case the trial court's ruling probably does not amount to a disposition of the case on the merits but is without prejudice to plaintiffs' right to bring a partition suit after the six-month period elapsed. See First National Bank of Woodbine v. Board of Supervisors of Harrison County, 221 Iowa 348, 264 N.W. 281, 106 A. L. R. 566, and citations. To remove any possible doubt in this respect, however, the ruling appealed from is modified by providing expressly it is without prejudice to plaintiffs' right to bring a partition suit after the six-month period.

In the case at bar no amended and supplemental petition was filed after the lapse of the necessary time as in Smith v. City of Davenport, supra. Nor was any request made for permission to file such an amended petition after the six-month period. Further, unlike the cited case, the objection that the present action was brought less than six months after notice of the executor's appointment was interposed and the issue submitted to the court during the time in which rule 270 prohibits bringing such an action. And unlike the amended petition in Smith v. City of Davenport, plaintiffs' petition here contains no allegation amounting to a claim of waiver of the prohibition against bringing the action until the requisite time elapsed.

 There is no merit to plaintiffs' contention it was not proper for defendants to raise the question by motion to dismiss that the action was brought in violation of rule 270. Plaintiffs say defendants' objection could only be raised by answer since

rule 103 provides, "Every defense in bar or abatement * * * shall be made in the answer or reply, save as allowed by rule 104."

Rule 104 states in part: "(b) Failure to state a claim on which any relief can be granted, may be raised by motion to dismiss such claim, filed before answer. (c) * * *. (d) Such motions must specify wherein the pleading they attack is claimed to be insufficient."

It may be conceded that under rule 103 defendants, if they so chose, could have raised the question urged by them in their answer. They would not have waived it by failure to attack the petition by motion. See rule 110; author's comment under rule 103, Cook's Iowa Rules Civil Procedure, Revised Ed.; Article by Alan Loth, "Pleadings and Motions", 29 Iowa Law Review 23, 26. However, since it plainly appears on the face of plaintiffs' petition the action was brought in violation of rule 270 it was proper to raise the objection by motion to dismiss. Rules 103 and 104 contemplate such procedure.

A motion to dismiss is the substantial equivalent of the old demurrer. It seems to be well settled that where it appears on the face of the petition the action is brought prematurely it can be taken advantage of by demurrer. 1 C. J. S., Abatement and Revival, section 191a, page 247; 1 Am. Jur., Abatement and Revival, section 6.

Appellants say rule 270 was adopted to prevent "a race to the courthouse" to begin partition suits upon the death of the owner and that if it is construed to permit the beginning of such an action at any time after the owner's death, provided no decree is taken until the six-month period has elapsed, the rule will accomplish its purpose better than under what plaintiffs call a literal interpretation thereof. The argument is without merit. If rule 270 were changed as plaintiffs would have it the only effect the change would have upon a race to the courthouse to begin partition actions would be to accelerate the starting time for the race.

We were not aware rule 270 was adopted for the purpose plaintiffs suggest. The report of our advisory committee upon formulation of the rules contains no indication such was its purpose. The rule is so plain upon the question now before us

that inquiry need not be made as to its purpose. However, it would seem more reasonable that the rule was adopted in an attempt to avoid or lessen interference with the orderly probate of estates until it may be known whether the personal representative must resort to the realty for payment of debts and charges. Incidentally this is a matter that was not known here when this action was commenced or when defendants' motion was submitted.

The explanation of rule 270 in the final report to us of our advisory committee reads: "Supersedes Code Sec. 12310 and introduces prohibition when the court in probate has jurisdiction."

Even before rule 270 was adopted we held in Mullinnix v. Brown, 151 Iowa 468, 474, 131 N.W. 671, 674: "Of course, partition suits may be brought before the time has expired for the filing of claims against the estate of one deceased, but the more orderly procedure is to defer such actions and allow the matters to proceed in probate, giving to the administrator the right and requiring of him the duty of selling the real estate when necessary to pay the debts of the estate."

Except that the order sustaining defendants' motion to dismiss is modified to provide it is without prejudice to plaintiffs' right to begin another action after the six-month period referred to in rule 270 has elapsed, it is affirmed.—Modified and affirmed.

All JUSTICES concur.