Richard E. HAESEMEYER and George
W. Murray, Appellants,

v.

Ronald MOSHER, Comptroller for the
State of Iowa, and State of
Iowa, Appellees.

No. 65019.

Supreme Court of Iowa.

July 15, 1981.

Paul E. Horvath of Davis, Grace & Vernon, P. C., Des Moines, for appellants.

Thomas J. Miller, Atty. Gen., and James P. Mueller and Fred M. Haskins, Asst. Attys. Gen., for appellees.

Considered by REYNOLDSON, C. J., and HARRIS, ALLBEE, McGIVERIN, and SCHULTZ, JJ.

McGIVERIN, Justice.

Richard E. Haesemeyer and George W. Murray appeal from the dismissal of their petition seeking pay for unused vacation time which exceeds twice their annual entitlement. We affirm.

Both plaintiffs are former employees of the State of Iowa. Haesemeyer was the Solicitor General of Iowa from February 20, 1967, until January 12, 1979. Murray was a Special Assistant Attorney General from January 3, 1967, until January 4, 1979. They lost their employment after the election of a new attorney general in November 1978.

Upon termination of their employment, plaintiffs were entitled to all wages, including unused vacation payments, due but not yet received. §§ 91A.2(4)(b), .4, The Code 1979. This case involves a dispute over the amount of payment allowable for unused vacation time.

In computing the amounts owed plaintiffs for unused vacation time, the State limited them to twice their annual vacation entitlement. The State placed this limit on the amount of accrued vacation time pursuant to a rule of the Iowa merit employment department. 570 I.A.C. § 14.2(10). Until 1973 the two men had taken sufficient vacation time so that unused vacation time did not exceed twice their annual entitlement. After 1973 their accumulated vacation time exceeded twice the annual allotment. Therefore, upon termination any vacation time that they had earned, but not yet taken, in excess of twice their annual entitlement, was ignored. Using the merit department rule, Haesemeyer received $6454.80 and Murray received $6142.40 for vacation pay. § 91A.7.

Dissatisfied with their vacation payments, the former employees filed a petition at law in district court against the comptroller and the State. Plaintiffs claimed that the rule limiting accumulation of vacation time either did not apply to them or was invalid. Haesemeyer sought $6982.60 and Murray claimed $5320.33 as vacation pay above that which the State had already paid them. They also sought attorney's fees and liquidated damages. §§ 91A.2(6), .8.

The trial court concluded that the merit department's rule applied to plaintiffs and therefore limited them to an accumulation of twice their annual entitlement of vacation time. Since the State had already paid them this amount, the court dismissed the petition. The former employees appeal.

The issues we find determinative are whether merit rule 14.2(10) limiting accrual of vacation entitlement applied to plaintiffs and, if so, whether that rule is valid.

I. *Applicability of merit department rule.* In January 1979, when plaintiffs were terminated, section 79.1, The Code, provided for the earning of specified vacation allowances according to years of service. It also provided that "[v]acation allowances shall be accrued according to the provisions of chapter 91A as provided by the rules of the Iowa merit employment department. . . . In the event that the employment of an employee of the state is terminated the provisions of chapter 91A relating to such termination shall apply."

Chapter 91A does not regulate the accrual of vacation pay for state employees. Rather, it establishes a state employee's right to receive vacation pay due upon termination and a method for collecting it. §§ 91A.2(4)(b), .4, .8, .10(3).

The merit department has promulgated rules on the method of accruing earned, but unused, vacation time. 570 I.A.C. § 14.2. When the plaintiffs were terminated in January 1979, the rules placed a limit on accrual by providing that "[v]acation leave shall be cumulative to twice the annual entitlement." 570 I.A.C. § 14.2(10). The first question is whether this rule applied to these plaintiffs.

Haesemeyer and Murray were not generally covered by the merit system because they were under the supervision of the attorney general. § 19A.3(5). They say, therefore, that the merit rule limiting accrual of vacation time does not apply to them. We disagree.

Although the merit system does not include these employees, section 79.1, in regulating vacations for *all* state employees, has expressly incorporated the merit department's rule on accrual of vacation allowances. Section 79.1, which applies to all state employees, clearly provides that "[v]acation allowances shall be accrued . . . as provided by the rules of the Iowa merit employment department." We conclude, therefore, that the merit department's rules on accrual of vacation pay apply to these plaintiffs. If the rule limiting accrual of vacation to twice the annual entitlement is valid, the trial court properly dismissed the petition.

II. *Validity of rule.* Plaintiffs' second contention is that, even if the merit department's rules on accrual of vacation time apply to them, the rule limiting accrual is invalid because in enacting it, the merit department went beyond the power delegated to it by the legislature in section 79.1. They claim that the rule limiting accrual of vacation time is ultra vires the statute. If the rule is invalid, it would not limit vacation time for any state employee whether governed by the merit system or not.

■■■ To be valid, a rule adopted by an agency must be within the scope of powers delegated to it by statute. *Iowa Department of Social Services v. Blair*, 294 N.W.2d 567, 569–70 (Iowa 1980); *Iowa Department of Revenue v. Iowa Merit Employment Commission*, 243 N.W.2d 610, 614–15 (Iowa 1976); *Elk Run Telephone Co. v. General Telephone Co.*, 160 N.W.2d 311, 314 (Iowa 1968). Whether a rule is ultra vires an agency's delegated powers is a question of statutory construction. *Iowa Department of Revenue*, 243 N.W.2d at 614. There is no claim that the legislature could not constitutionally delegate this authority to the merit department. The issue here is whether the legislature intended to delegate to the merit department the authority to prescribe a limit for the accrual of earned, but unused, vacation time. We conclude that the rule is valid.

The former employees contend that the history of section 79.1, later amendments to it, and its terms, establish that the legislature did not intend to allow the merit department to limit accrual of vacation time. Rather, they contend the legislature wanted to allow them unlimited accrual of vacation time if they did not take all they earned under section 79.1.

The history of a statute is relevant in determining legislative intent. *Kelly v. Brewer*, 239 N.W.2d 109, 114 (Iowa 1976). Beginning January 1, 1965, state employees who were terminated could only claim vacation pay accrued during the last twelve months of service. 1965 Session, 61st G.A., ch. 100 (codified at § 79.1, The Code 1966). For employees who were terminated, there-fore, the statute clearly limited accrual of vacation pay.

The merit department involved here was established in 1967. 1967 Session, 62nd G.A., ch. 95. The merit department was directed to grant vacation time in accordance with section 79.1. *Id.* § 9(18) (codified at § 19A.9(18), The Code 1979). On November 5, 1970, the department filed a rule stating that "[v]acation leave shall be cumulative to twice the annual entitlement." 1971 I.D.R. § 14.2(10). At this point the rule and section 79.1 were apparently in conflict on the accrual of vacation time for terminated employees. Section 79.1 limited terminated employees to vacation time accrued, but unused, in the previous twelve months. § 79.1, The Code 1971. In contrast, the merit rule allowed accumulation up to twice the annual entitlement of vacation time.

With this background, and the apparent conflict between the rule and section 79.1, the legislature amended section 79.1. Effective July 1, 1971, section 79.1 included the following sentence: "Vacation allowances shall be accrued on a pay period, monthly, or quarterly basis as provided by the rules and regulations of the Iowa merit employment department." 1971 Session, 64th G.A., ch. 105, § 1. The amendment removed the statutory provision that limited accrual of vacation pay of terminated employees to vacation accrued in the twelve months before termination. For terminated employees, the amendment to section 79.1 provided that upon termination an employee "shall be paid a vacation allowance for any vacation which he may have earned prior to such termination, and which he has not yet taken." Since the one-year limitation on accrual of vacation pay was removed, the only limit on accrual was contained in the merit rule limiting vacation pay accrual to twice the annual entitlement.

Haesemeyer and Murray concentrate on these 1971 amendments to section 79.1 to support their argument that a merit department rule placing a limit on vacation accrual is ultra vires. Their first contention is that the requirement in section 79.1 that

vacation be accrued according to merit department rules was only a reference to rules on the method for computing vacation allowances. For example, the merit rules cover computation of vacation time for employees paid on a biweekly basis. 570 I.A.C. § 14.2. Plaintiffs point to portions of the 1971 amendments referring to accrual "on a pay period, monthly, or quarterly basis as provided by the rules and regulations of the Iowa merit employment department." They contend that while the legislature allowed the merit department to establish rules on the mechanics of accruing vacation time, the legislature did not intend to delegate authority to establish by rule limits on accrual.

Although this argument is tenable, especially if we only look at the 1971 amendments, it ignores the fact that section 79.1 as it applied to plaintiffs was amended again after 1971. At the time of their termination in January 1979, section 79.1 simply stated that "[v]acation allowances shall be accrued ... as provided by the rules of the Iowa merit employment department." § 79.1; The Code 1979. This amendment eliminating the reference to accrual on pay period, monthly or quarterly basis was enacted in 1975. 1975 Session, 66th G.A., ch. 90, § 14. We conclude that the legislature delegated to the merit department the authority to place a limit on accrual of vacation pay.

The former employees cite other portions of the 1971 amendments to support their argument that the merit department rule limiting accrual was ultra vires section 79.1. They say the intent was to allow employees, upon termination, any vacation pay that they had earned under the statutory schedule but not taken. To support this argument they point to the portion of the 1971 amendments allowing an employee pay upon termination for "any vacation which he may have earned." Plaintiffs contend that this is a clear reference to all vacation earned under section 79.1 without any limitation on accrual. Therefore, they say any rule limiting a terminated employee's accrual of vacation pay that has been earned under section 79.1 is invalid. We disagree.

Isolating on the 1971 amendment, plaintiffs have a tenable argument. But their argument is also weakened when we consider the 1975 amendments to section 79.1. In 1975 the legislature eliminated reference to payment upon termination of "any vacation ... earned prior to ... termination." 1975 Session, 66th G.A., ch. 90, § 14. Rather, the legislature substituted a reference to chapter 91A on the collection of wages, including vacation pay, belonging to terminated employees. *Id.* Sections 91A.2(4)(b) and .4 entitle an employee to vacations due under the policy of the employer. By merely referring to chapter 91A, the legislature did not refer to any policy on accrual of vacation pay. In 1979 section 79.1, when considered with the other applicable statutes, clearly delegated to the merit department the authority to set the policy of the employer State on accrual of vacation entitlement for all employees.

In addition, other indicators of legislative intent lead us to conclude that the merit department rule limiting accrual of vacation pay was valid. Section 79.1 as it existed in 1965 limited the accrual of vacation pay for terminated employees to vacation earned in the preceding twelve months. By removing this limitation in 1971 and directing accrual based on merit department rules, we do not believe the legislature intended to remove all limits on accrual of vacation pay for terminated employees. Since November 5, 1970, the merit department had a rule limiting accrual of vacation pay. In 1971 the legislature deleted the limit in section 79.1 of accrual for twelve months prior to termination and instead authorized accrual as provided by merit department rules, which already limited accrual. As of 1979 the statute simply read, "[v]acation allowances shall be accrued ... as provided by the rules of the Iowa merit employment department." This indicates that the merit department was responsible for implementing vacation accrual policies for all state employees. This would be consistent with a legislative intention to delegate to the merit department the power to determine a consistent policy on accrual of

vacation time for all state employees—even if they were not generally covered by the merit system.

Finally, both parties point to still other amendments to section 79.1 which took effect after these two employees were terminated. In 1979 the legislature passed an amendment expressly limiting the accrual of vacation pay to twice the annual allotment. 1979 Session, 68th G.A., ch. 2, §§ 38, 40. Haesemeyer and Murray argue that the amendment was intended to change the law and limit vacation accrual. They say that if merit rules already validly limited vacation accrual, the amendment is superfluous. *Mallory v. Paradise*, 173 N.W.2d 264, 267–68 (Iowa 1969) (amendments are interpreted to change existing law).

We conclude, however, that the amendment expressly limiting accrual was not intended to change the law, but rather to clarify existing law. *See Boone State Bank and Trust Co. v. Westfield Insurance Co.*, 298 N.W.2d 315, 317–18 (Iowa 1980); *Barnett v. Durant Community School District*, 249 N.W.2d 626, 629 (Iowa 1977). Because of the considerable confusion we have outlined above, the amendment was needed to clarify the law on accrual of vacation time for terminated employees.

Under our view of the case it is unnecessary that we discuss other contentions made by the parties.

The trial court correctly dismissed the petition.

AFFIRMED.