**Earl McCLURE, Appellee,**

v.

**INTERNATIONAL LIVESTOCK IMPROVEMENT SERVICES CORPORATION, Appellant.**

**No. 84–964.**

Supreme Court of Iowa.

June 19, 1985.

Larry R. Curtis of Curtis, Finn & Pattinson, Ames, for appellant.

Larry J. Handley of Handley, Barry & Eisenhauer, Ankeny, for appellee.

Considered by UHLENHOPP, P.J., and HARRIS, McGIVERIN, LARSON, and SCHULTZ, JJ.

UHLENHOPP, Justice.

This appeal involves a question of the applicability to the facts of the Iowa Wage Payment Collection Law (Wage Law). *See* Iowa Code ch. 91A (1983) (references are to that Code).

Defendant International Livestock Improvement Services Corporation (ILIS) manufactures animal pregnancy testing instruments. Plaintiff Earl McClure works in the field of sales management and marketing. On September 21, 1982, ILIS employed McClure to solicit and strengthen its distribution network and to assist with marketing, at a beginning salary of $2500 monthly plus expenses. The contract contained this clause: "This agreement shall commence on the 1st day of October, 1982 and shall continue until either party shall give not less than 30 days advance written notice of termination thereof." It also stated, "This Exhibit is subject to renewal by mutual agreement within 30 days of 31st of December, 1982, for the next employment year."

McClure worked for ILIS under the agreement during October 1982. The relationship between the parties was not good. Each party blames the other for the problems between them.

At the beginning of work on November 1, 1982, ILIS severed the employment and told McClure to leave. McClure signed a written termination statement, ILIS paid him to that date, and McClure departed. Thereafter McClure was unable to find other work for some time.

McClure subsequently brought the present action in three counts against ILIS for damages which allegedly accrued after the parties' termination of the agreement. In count I McClure relied on the Wage Law. He alleged that the termination triggered the application of the clause for thirty-days notice, that he is entitled to salary for thirty days amounting to $2500, and that under the Wage Law he is also entitled to liquidated damages of $2500 and attorney fees. In count II he alleged that ILIS obtained the termination statement by duress so that he is entitled to salary for

November and December 1982, or $5000. In count III he alleged as in count I that he is entitled to $2500 for November, and he asked for that amount without liquidated damages under the Wage Law.

The trial court found on substantial evidence that ILIS did not have reason to discharge McClure "for cause," *see Allen v. Highway Equipment Co.,* 239 N.W.2d 135, 140 (Iowa 1976), that McClure did not establish ILIS obtained the termination statement by duress, and that McClure was entitled to compensation of $2500 for the thirty days following execution of the termination statement. The court also held that the case came under the Wage Law, and awarded McClure liquidated damages of $2500 and attorney fees. ILIS appealed, contending that the Wage Law is inapplicable.

I. Chapter 91A superseded sections 477.51 and .52 of the Iowa Code of 1975 which regulated the payment of wages "earned" by railroad employees. *See* Comment, 68 Iowa L.Rev. 159 (1982). An overview of chapter 91A reveals that it regulates generally the payment of wages for services which have been performed. Section 91A.2 provides the definitions; we will return to that provision. Section 91A.3 regulates the mode of payment of wages, such as the time intervals, credits against commissions earned, the medium of payment, the hours of payment, and the person to receive payment. Section 91A.4 deals with payment of past wages when an employee is suspended or employment is terminated. Section 91A.5 deals with allowable deductions from wages. Section 91A.6 covers notifications to employees and recordkeeping requirements. Section 91A.7 deals with wage disputes. Section 91A.8, applied by the trial court here, covers liquidated damages and attorney fees in wage disputes. Section 91A.9 empowers the labor commissioner to administer the chapter. Section 91A.10 allows the commissioner to accept assignments of wage claims and to sue for their recovery. Section 91A.11 involves reciprocity with other states. Section 91A.12 contains civil penalties for violations of the chapter. Finally, section 91A.13 prohibits retrospective application of the sections. The general tenor of the chapter is the regulation of the payment of wages which have been earned.

Specific language throughout the chapter bears out this view. Illustrative passages include section 91A.3(1) ("A regular payday shall not be more than twelve days, excluding Sundays and legal holidays, after the end of the period in which the wages *were earned.*" Emphasis added.); section 91A.4 ("When the employment of an employee is suspended or terminated, the employer shall pay all wages *earned....*" Emphasis added.); and section 91A.6 (employer must maintain payroll records "showing the hours *worked,* wages *earned,* and deductions *made....*" Emphasis added.).

The appeals which have thus far arisen in this state involved accrued as distinguished from as yet unearned pay. *Wyatt v. Crimmins,* 277 N.W.2d 615 (Iowa 1979) (past wages of truck driver); *Halverson v. Lincoln Commodities, Inc.,* 297 N.W.2d 518 (Iowa 1980) (past commissions and deductions of broker); *Haesemeyer v. Mosher,* 308 N.W.2d 35 (Iowa 1981) (vacation pay accrued on past services of state officials); *Maday v. Elview-Stewart Systems Co.,* 324 N.W.2d 467 (Iowa 1982) (past salary and commissions of salesman); *Miller v. Component Homes, Inc.,* 356 N.W.2d 213 (Iowa 1984) (past commissions of salesman); *Salter v. Freight Sales Co.,* 357 N.W.2d 38 (Iowa App.1984) (past salary of store manager).

II. McClure contends that two expressions in definitional section 91A.2(4) permit application of the Wage Law to compensation to be earned in the future, such as his claim of $2500 for thirty days under the contract clause requiring notice of termination. Section 91A.2(4) provides in pertinent part:

*"Wages"* means compensation owed by an employer for:

*a.* Labor or services rendered by an employee, whether determined on a time, task, piece, commission, or other basis of calculation.

*b.* Vacation, holiday, sick leave, and severance payments which are due an employee under an agreement with the employer or under a policy of the employer.

We first note that this provision does not speak in the future tense; on the contrary, wages means compensation "owed", for services "rendered", and includes payments for vacation, etc. which are "due".

McClure argues, however, that "wages" in the section include the present sum of $2500 under the words, "or other basis of calculation." The trial court adopted this view in its order and rejected ILIS' contention to the contrary:

The defendant's reading of Chapter 91A is too restrictive. Under Section 91A.2(4), wages is defined in subparagraph (a) thereunder as follows:

"Wages means compensation owed by an employer for:

"a. Labor or services rendered by an employee, whether determined on a time, task, piece, commission, or other basis of calculation."

In the instant case, McClure's wages would fall under the "other basis of calculation" category. Pursuant to the written contract between the plaintiff and the defendant, McClure was to be paid $2,500 per month for the months of October, November and December, 1982. The contract also called for a thirty-day notice of termination. The defendant argues that no evidence was presented to show that the plaintiff provided services to the defendant beyond October 29, 1982, which would require compensation as earned wages. However, the amount due the plaintiff is ascertainable by reference to the written contract. Plaintiff was to be paid $2,500 for the month of November, 1982, unless defendant notified the plaintiff that the agreement was terminated at least thirty days prior to November 1, 1982. No such notice was provided to the plaintiff by the defendant. Under these circumstances, the plaintiff has in fact earned wages for the month of November, 1982, and he must be compensated therefor.

The problem with the trial court's interpretation is that the court reads "or other basis of calculation" in isolation from the rest of the sentence in which the clause is found: wages means compensation *owed* for services *rendered* under any basis of calculation.

The trial court's theory could be applied with equal force to the ordinary breach of contract case for premature discharge. If an employment contract is for six months but the employer discharges the employer after four months without good cause, under the trial court's rationale the employee could apply the Wage Law to his unearned wages for the remaining two months instead of bringing a contract action for damages, notwithstanding the use of the past tense throughout the Wage Law.

A case may be supposed in which wages for the thirty-day period in the present contract would come under the Wage Law. If relations between ILIS and McClure had been good, if ILIS had given McClure the thirty-day notice because of a business falloff, if McClure had continued to work for thirty days, and if ILIS had not paid the salary for the thirty days, the Wage Law would have applied.

We do not have such a case. Under the fact findings of the trial court, we have instead a common law claim by McClure for $2500 for an alleged breach of contract: terminating the employment immediately contrary to the thirty-day clause. In this case the claim for $2500 is not for services "rendered" but for damages.

The other expression in section 91A.2(4) which McClure relies on is "severance payments"—wages include "severance payments which are due an employee under an agreement with the employer...." He contends that the sum of $2500 is a severance payment under the employment contract.

■ "Severance payments" however are considerably different from an item of damage predicated on breach of contract

for failing to give a specified notice of termination. A severance payment is an amount which is granted at contract termination on account of past services, and is usually calculated on the basis of the length of those services. *Mace v. Conde Nast Publications, Inc.*, 155 Conn. 680, 237 A.2d 360 (1967); *Adams v. Jersey Central Power & Light Co.*, 21 N.J. 8, 120 A.2d 737 (1956); *U.S. Steel Corp. v. Commonwealth Unemployment Compensation Bd.*, 10 Pa. Cmwlth. 553, 312 A.2d 460 (1973); *see* Webster's New Collegiate Dictionary (1973) ("an allowance usually based on length of service that is payable to an employee on termination of employment"). In the present case a typical severance pay clause would have operated thus: the employer would give the thirty-day notice, the employee would work the thirty days, and at the end of that period the employee would receive his wages for the thirty days plus a lump sum calculated under the severance pay clause on the basis of years of service. We do not have a severance pay clause in the present contract. We have a notice of termination clause.

III. The result is that McClure does not have a Wage Law claim. He has a common-law cause of action for damages consisting of an amount equal to thirty-days' salary. A question of McClure's waiver of the thirty-day clause by signing the termination statement is not raised in the appeal. As the trial court found on sufficient evidence that ILIS discharged McClure without good cause, and as McClure was unable to obtain work elsewhere for the thirty-day period, he is entitled to the full sum of $2500, *Kitchen v. Stockman National Life Insurance Co.*, 192 N.W.2d 796, 802 (Iowa 1971), together with interest and district court costs (not including attorney fees). *Rauch v. Senecal,* 253 Iowa 487, 112 N.W.2d 886 (1962). We return the case to district court for a substituted judgment accordingly. We assess the costs in this court to McClure.

McClure's application for attorney fees on appeal is denied.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.